**Carole Dudley SINGH, Appellant**

v.

**David C. HARRISON, Attorney at Law.**

**No. 10–3061.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Jan. 6, 2011.

Opinion filed: Jan. 24, 2011.

---

Carole Dudley Singh, Philadelphia, PA, pro se.

David C. Harrison, Attorney at Law, Philadelphia, PA, pro se.

Before: SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges.

OPINION

PER CURIAM.

Carole Dudley Singh appeals, *pro se,* from the District Court's final order dismissing her complaint pursuant to 28 U.S.C. § 1915(e). For the reasons stated below, we will summarily affirm.

Singh filed a complaint in the United States District Court for the Eastern District of Pennsylvania alleging that her sister and David C. Harrison, an attorney, stole $18 million from her. The District Court granted Singh's motion to proceed

*in forma pauperis* and dismissed her complaint pursuant to 28 U.S.C. § 1915(e).

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We may summarily affirm if the appeal presents no substantial question. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Our review of the record reveals no error in the District Court's analysis. The District Court construed Singh's complaint as seeking relief under 42 U.S.C. § 1983 and properly dismissed the claim. A review of Singh's Complaint and her filings before this Court reveals no allegation giving rise to a plausible inference that Defendant David C. Harrison, a private attorney, acted under color of state law or conspired with state actors to deny Singh her constitutional rights. Accordingly, Singh cannot recover under § 1983. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 175–76 (3d Cir.2010) (holding that "[t]o prevail on a § 1983 claim, a plaintiff must allege that the defendant acted under color of state law, in other words, that there was state action."); *see also Reichley v. Pa. Dep't of Agric.,* 427 F.3d 236, 245 (3d Cir.2005).[1] We are satisfied that any amendment to Singh's Complaint would have been futile, and thus the District Court properly dismissed without leave to amend. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 114 (3d Cir.2002).

As the appeal presents no substantial question, we will summarily affirm the judgment below. *See* 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.

1. In her complaint, Singh did not specify that her cause of action was brought under § 1983. To the extent that her complaint was not filed pursuant to that statute, the District Court lacked jurisdiction over her claim as there is no diversity of citizenship among the parties. *See* 28 U.S.C. § 1332.